## STURGIS v. IMPERIAL HOTEL et al.
### No. 4357.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

Thomas & Langston and Coleman Lindsey, all of Minden, for appellants.

Drew & Richardson, of Minden, for appellee.

PALMER, J.

Plaintiff sues to recover the sum of $360 as a balance she alleges is due her for services rendered the defendant hotel in the capacity of waitress. She asks for a judgment in solido against the hotel and the two individuals who own and operate it. She contends that she was employed by the defendants at a weekly salary of $10, and that she worked for little more than four years, leaving their employ on January 20, 1932.

Defendants deny the indebtedness sued on. They also plead the prescription of one year in bar of plaintiff's demands. From a judgment in favor of plaintiff as prayed for defendants prosecute this appeal.

### Opinion.

Plaintiff submitted the only proof in the record. She testified that she worked for a little more than four years, leaving the hotel's employment on January 20, 1932. She testified positively that, after crediting defendants with each and every payment she received during her tenure of employment, a balance was due her of $360. She filed a statement marked "Plaintiff's Exhibit One," on which is shown, as she testified, the date and the amount of each payment she received from the defendants during her tenure of employment. She further testified that she was positive this represented all the sums she received because each time a payment was made her she carried it to her grocer, W. J. Frey, and applied it on her indebtedness to him, and that the books of W. J. Frey, which statement he also verified, showed that plaintiff had paid Frey the amounts set forth on "Exhibit No. One," and on the dates disclosed. In view of plaintiff's positive testimony that every dime she received from the defendants was paid to W. J. Frey, she had a perfect right to corroborate her contention that defendants owe her a balance of $360 by ascertaining from the books of W. J. Frey the dates and amounts thus paid him. The objection urged by the defendants to this testimony was not well founded.

Furthermore, plaintiff testified that Mr. Tomberlin, one of the owners of the hotel, checked up the amount due her at the time he left Minden, which was in March, 1931, and that at that time the hotel owed her $170. Mr. Tomberlin was present at the trial and was called by the plaintiff under cross-examination. He admitted the correctness of plaintiff's testimony in this regard and thereby corroborated her in her claim up until the time Tomberlin left the hotel.

The defendants offered no testimony whatever. The district judge was of the opinion that plaintiff proved her case and we find no error in that conclusion.

### Plea of Prescription.

Defendants' plea of prescription of one year is based on article 3534 of the Civil Code of Louisiana. Among other things, this article provides that the actions by workmen, laborers, and servants for the payment of their wages are prescribed by one year. The plea is met by the plaintiff with the contention that, under article 2166 of Civil Code, the payments she received from the defendants had to be imputed to the debt that they owed her which was the longest due. That article provides:

"When the receipt bears no imputation, the payment must be imputed to the debt, which the debtor had at the time most interest in discharging, of those that are equally due; otherwise to the debt which has fallen due, though less burdensome than those which are not yet payable.

"If the debts be of like nature, the imputation is made to the debt which has been longest due; if all things are equal, it is made proportionally."

There was no evidence offered particularly bearing upon the issues raised by this exception. No contention is made that defendants ever owed plaintiff any other indebtedness except for services she rendered defendants as waitress in their hotel.

It is clear, therefore, that each and every weekly payment due plaintiff by defendants is of like nature, and obviously, therefore, when the payments were made, especially in the absence of any agreement or instruction to the contrary, they were imputed by law to the debt which had been longest due.

When this rule is applied, all payments now due plaintiff would fall well within the year next preceding the date of filing this suit. We conclude, therefore, that the plea of prescription was properly overruled.

The judgment of the lower court is accordingly affirmed; defendants, appellants, to pay all costs of the appeal.

DREW, J., recused.